IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK MUTUAL INSURANCE COMPANY<br>57 Thomas Johnson Drive<br>Frederick, MD 21702 | :<br>:<br>:<br>:<br>: | CIVIL ACTION NO. _____ |
| Plaintiff | :<br>: | |
| v. | :<br>: | |
| EF HERON COMPANY INC.<br>336 BARTRAM AVE<br>ESSINGTON PA 19029 | :<br>:<br>:<br>: | |
| Defendant | :<br>: | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Fredrick Mutual Insurance Company, by and through its undersigned counsel, Thomas, Thomas & Hafer, LLP, hereby files the within Complaint for Declaratory Relief pursuant to 28 U.S.C. § 2201, *et seq.*, and in support thereof states as follows:

THE PARTIES

1. The Plaintiff, Frederick Mutual Insurance Company (hereinafter, "FMIC") is an insurance company with its principal place of business at 57 Thomas Johnson Drive, Frederick, MD 21702.

2. Defendant EF Heron Company Inc., (hereinafter, "Heron"), is upon information and belief a Pennsylvania Corporation with a principal address of 336 Bartram Ave., Essington PA 19029.

## JURISDICTION AND VENUE

3      This Court has jurisdiction over the dispute between the parties based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1) and (2), as Plaintiff is a citizen of the state of Maryland and Defendant is not a citizen of the same foreign state as Plaintiff.

4.     Upon information and belief, the claims of the underlying Plaintiff, as described later in this Complaint, against Defendant involve an amount in controversy in excess of the jurisdictional limit of $75,000.00.

5.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in the Eastern District of Pennsylvania.

6.     This Court has personal jurisdiction over the Defendant because the Defendant is a citizen of the Commonwealth of Pennsylvania and conducts business within the Commonwealth.

7.     An actual and justiciable controversy exists between the parties with respect to the rights of the parties under a policy of liability insurance.

## FACTS

8.     This matter arises out of a property-damage incident that allegedly occurred on or about August 20, 2022, at a multi-unit apartment building located at 1227 N 6th Street, Philadelphia PA 19122, which has given rise to underlying litigation. (*See* Complaints in the Matters of *Nationwide a/s/o Nolibs Real Estate LLC v Bottos Construction Inc. et al.* (Phila C.P. No. 230600998) and *Nolibs Real Estate LLC v. Bottos Construction Inc. et al*. (Phila C.P. 230202144), attached hereto as **Exhibit A** and **Exhibit B**, respectively.)

9.     In the underlying consolidated lawsuits, the complaints in respect to Heron have alleged that property damage resulted from allegedly deficient plumbing work performed by

Heron, which caused water damage to flooring and walls at the property. (See Exhibits A and B, *passim*.)

10. More specifically, as alleged in the complaint filed by Plaintiff Nationwide as subrogee of Nolibs Real Estate, LLC, Heron was hired by general contractor Bottos Construction to perform work that entailed the installation of water supply lines for five refrigerator-icemakers in apartment units located in a building located at 1227 N 6th Street in Philadelphia, Pa. (*See* Ex. A, *supra*, Compl. ¶¶ 7-9.) The building was owned by Nolibs Real Estate LLC and insured by Nationwide. (*See id.* ¶¶ 2, 7.)

11. The complaint alleges that on August 20, 2022, the insured building sustained water damage and that the "cause was the improper installation of a water supply line for a refrigerator in a second-floor apartment" and more specifically, "the choice of the tube was improper, and the tubing was not hung up properly." (*See id*. ¶¶ 9-10.)

12. The Nationwide complaint seeks damages in the amount of $249,480.50. based on alleged damage to the real property. (*See id.* ¶ 11.)

13. In Count II of the complaint, Plaintiff seeks recovery from Heron based on a claim of "Negligence," alleging that Heron failed to properly perform plumbing activities, failed to properly install the water supply line, failed to use proper water tubing, failed to select competent and skilled employees, and failed to perform the tasks in conformity with prevailing industry and governmental specifications, laws and standards. (*See id*. ¶ 17.)

14. In Count IV, the complaint alleges "Breach of Contract," claiming that by failing to perform its work using reasonable care, Heron breached its contract with the general contractor Bottos, resulting in harm to Nolibs as an alleged third-party beneficiary to that agreement. (*See id*.)

15. In the companion underlying lawsuit of *Nolibs Real Estate LLC v. Bottos Construction Inc. et al.*, Heron was joined as an additional defendant based on similar allegations that "on August 20, 2022, a flood originated on the second floor of the subject property which damaged three (3) of the five (5) apartments which originated from a water in-take line to a refrigerator/icemaker on the second floor" and that "Additional Defendant Heron was retained by Defendant, Bottos Construction Company, Inc., as a subcontractor to install a refrigerator on the second floor with a water in-take line." (See Amended Joinder Complaint ¶¶ 8 and 16, attached hereto as **Exhibit C**.)

16. The amended joinder complaint further alleges that the "Subcontractors implied, agreed and/or warranted that all of their work would be in compliance with applicable building codes and industry standards, and would be done in a good and workman-like manner" and that "[t]o the extent that each of the Subcontractors' work did not comply with applicable codes and industry standards and was not performed in a workmanlike manner as alleged in Plaintiff's Complaint, and/or otherwise was not performed correctly, the Subcontractors' alleged acts and/or omissions constituted a breach of the duty of reasonable care and, therefore, actionable causal negligence." (*See id.* ¶¶ 28 and 34.)

17. The amended joinder complaint seeks recovery against Heron under counts labeled negligence and breach of contract. (*See id.*)

18. FMIC has become aware that an on-site inspection revealed that the subject water supply line was labeled with markings which stated "DO NOT USE FOR ICEMAKERS" and that the subject line ruptured or split, thereby resulting in the leak.

19. The pertinent provisions of the liability coverage afforded under the Business Owners Policy No. BP22012045 issued by FMIC to Heron at Form BP 00 03 0713 (attached hereto as **Exhibit D**) state as follows:

> **SECTION II - LIABILITY**
> **A. Coverages**
>
> 1. Business Liability
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies.
>
>    b. This insurance applies:
>    (1) To "bodily injury" and "property damage" only if:
>    (a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"….

(Form BP 00 03 0713, at page 35 of 53.)

20. The policy further provides as follows:

> **COMMERCIAL LIABILITY COVERAGES**
> ….
> **DEFINITIONS**
>
> 9. "Insured contract" means:
>
>    a. A contract for a lease of premises….
>    b. A sidetrack agreement;
>    c. Any easement or license agreement….
>    d. An obligation, as required by ordinance, to indemnify a municipality….
>    e. An elevator maintenance agreement;

> f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization….
>
> ….
>
> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> ….
>
> 22. "Your work"
>
>> a. Means:
>>
>> (1) Work or operations performed by you or on your behalf; and
>> (2) Materials, parts or equipment furnished in connection with such work or operations.
>>
>> b. Includes:
>> (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
>>
>> (2) The providing of or failure to provide warnings or instructions.

(*See id.* at pp. 49-51 of 53.)

21.    The Policy also contains express exclusions to coverage, which include the following:

> **B. Exclusions**
> **1. Applicable To Business Liability Coverage**
> This insurance does not apply to:

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

    (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
    (b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

….

22. "Additional Exclusions that Apply Only to Property Damage," include the following:

**k. Damage To Property**

"Property damage" to:
….

>  (5) That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf is performing operations, if the "property damage" arises out of those operations; ….
>
> ….
>
> (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

(*Id.* at pp. 37 and 41 of 53.)

    23.    The Policy also includes the following endorsement:

### PENNSYLVANIA CHANGES - DEFENSE COSTS

This endorsement modifies insurance provided under the following:
BUSINESSOWNERS COVERAGE FORM

The following is added to Section II - Liability Paragraph A. Coverages:
If we initially defend an insured or pay for an insured's defense but later determine that none of the claims, for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

(Form BP 06 07 05 11.)

    24.    An additional policy endorsement provides as follows:

### CONTRACTORS ERRORS AND OMISSIONS COVERAGE ENDORSEMENT

**A. Insuring Agreement**

1. We shall pay on the "Named Insured's" behalf those amounts, in excess of the deductible, that the insured is legally obligated to pay as "loss" resulting from a "claim" first made against the insured and reported to us during the "Contractors Errors and Omissions Coverage Period" or any Extended Reporting Period (if applicable) for:

    a. "Property damage" to "your work";
    b. "Property damage" to "your product"; or,
    c. "Impaired property" arising out of a defect, deficiency, inadequacy, or dangerous condition in "your product" or "your work".

    caused by your "wrongful act" in rendering or failing to render "contractor services" to others for a fee as shown in Item 1. of the Supplemental Declarations, but only if such "wrongful act" first occurs on or after the Retroactive Date shown in the Supplemental Declarations of this Errors and Omissions Coverage and prior to the end of the "Contractors Errors and Omissions Coverage Period".

2. Subject to the limit and deductible, applicable to this Errors and Omissions Coverage, the most we will pay to repair any "property damage" to "your work" or "your product" caused by your "wrongful act" in rendering or failing to render "contractor services" performed by you is:

    a. 100% of the "actual original cost" if repairs are made by someone other than you or other than a company you are affiliated with; or

    b. 80% of the "actual original cost" if repairs are made by you or a company you are affiliated with.
    ….

B. **Defense**

1. Notwithstanding the deductible, we will have the right and duty to defend an insured against any "claim" or "suit" alleging a "wrongful act".

2. a. We have the right to investigate and settle any "claim" or "suit" that we believe is proper. You shall be entitled to consent to such settlement, provided your consent is not unreasonably withheld and is provided as soon as practicable.

    b. If you refuse to consent to any settlement that we recommend and that is acceptable to the claimant, then our liability for such "claim" or "suit" shall not exceed the amount for which we could have settled had your consent not been withheld at the time of our

      recommendation. You shall thereafter negotiate and defend that "claim" or "suit" at your own cost and without our involvement.

3.     "Defense costs" are part of and subject to our Limit of Insurance set forth in Item 2. of the Supplemental Declarations.

4.     Our duty to defend ends after the applicable Limit of Insurance set forth in Item 2. of the Supplemental Declarations has been exhausted by payment of all "loss", including "defense costs".

…..

**D. Exclusions**

….

25.   **Property Damage**
Any liability arising from "property damage" to property other than "your product", "your work" or "impaired property" arising out of a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work".

….

30.   **"Your Work" Not Completed**

    Any liability arising out of "your work" or "your product" before you have completed "your work". "Your work" will be deemed completed at the earliest of the following times:

    a.     When all the work called for in your contract or work order has been completed.

    b.     When all the work to be done at the job site has been completed if your contract calls for work at more than one job site.

    c.     When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

    Work that may need service, maintenance, correction, partial repair or replacement, but which is otherwise complete, will be treated as completed.
….

(Form: FM_BP CEO FORM 09 2015 at pages 1-6 of 14.)

    25.     The Contractor Errors and Omissions Endorsement also provides the following definitions:

    **E.**    **"Claim"** means:

A written demand or "suit" which seeks monetary damages for:

1. "Property damage" to "your product";
2. "Property damage" to "your work"; or
3. "Property damage" to "impaired property" arising out of a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work

….

    **H.**    **"Defense costs"** means:

    Reasonable and necessary fees, costs and expenses consented to by us resulting solely from the investigation, adjustment, defense and appeal of a "claim" or "suit" against you.

    In no event, shall "defense costs" include your or our routine on-going expenses, including without limitation, the salaries of your or our "employees", officers or staff attorneys.

….

    **N.**    **"Impaired property"** means:

    Tangible property, other than "your product" or "your work", that cannot be used or is less useful because it incorporates "your product" or "your work" that is found to be defective, deficient, inadequate or dangerous but only if such "impaired property" can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work".

….

    **Q.**    **"Loss(es)"** means:

    Monetary amounts to which this insurance applies and which you are legally obligated to pay for judgments, settlements, pre- and post-judgment interest on that part of any judgment paid by us, "defense costs" and supplementary payments.

    However, "loss" shall not include:

    1. Civil or criminal fines or penalties imposed by law;
    2. Any amounts for which you are not financially liable or for which there is no legal recourse against you;
    3. The costs and expenses of complying with any injunctive or other form of equitable relief;
    4. Punitive or exemplary damages, the multiplied portion of multiplied damages; or

       5.      Matters which may be deemed uninsurable under the law.

....

**V.** **"Property damage"** means:

    1.      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to have taken place at the time of the physical injury that caused it; or

    2.      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to have taken place at the time of the incident that caused it.

For the purposes of this insurance, "electronic data" is not tangible property.

**W.** **"Suit"** means:

A civil proceeding in which monetary damages are alleged because of "claims "to which this insurance applies. "Suit" includes:

    1.      An arbitration proceeding in which such damages are claimed and to which you must submit or do submit with our consent;

    2.      Any other alternative dispute resolution proceeding in which such damages are claimed and to which you submit with our consent; or

    3.      An appeal of such a civil proceeding

....

**Y.** **"Wrongful Act"** means:

Any actual or alleged negligent act, error or omission resulting in "property damage", arising out of the performance of "contractor services" as described in Item 1. of the Supplemental Declarations.

**Z.** **"Your product"** means:

    1.      Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
        a.    You;
        b.    Others trading under your name; or
        c.    A person or organization whose business or assets you have acquired; and

    2.      Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

> "Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

AA. **"Your work"** means:

1. Work or operations performed by you or on your behalf, and

2. Materials, parts or equipment furnished in connection with such work or operations.

(Form FM_BP CEO FORM 09 2015 at pages 12-14 of 14.)

26. The Policy declarations, in pertinent part, indicate the following:

> FM_BP CEO FORM 09 2015 - Contractors Errors and Omissions Coverage Endorsement
> Limit: $2,500.00
> ….
> Deductible: $500
> ….

27. Harm foreseeably resulting from faulty workmanship is not covered under a Pennsylvania commercial general liability policy such as that issued by FMIC to Heron, because faulty workmanship does not constitute an "occurrence" as defined in the policy.

28. In the underlying matters, as noted above, the claims against Heron consist of an allegation of faulty workmanship of Heron in improperly installing the water-supply-lines, which has foreseeably resulted in flooding and property damage to the apartment building.

29. As indicated above, on-site inspection has revealed that Heron installed lines that contained specific markings indicating in all capital letters: "DO NOT USE FOR ICEMAKERS."

30. Because the line clearly indicated it was not to be used for the purpose undertaken, it cannot be said that the line "malfunctioned" when it was put to an expressly prohibited use.

31. It is not an unforeseeable malfunction of the line that is alleged to have caused the property damage, but instead faulty workmanship in failing to heed the plain instruction set forth on the subject line.

32. As such, there is no "occurrence" that triggers liability coverage under the main policy form quoted above; instead, there is only a claim of faulty workmanship and the foreseeable property damage that allegedly ensued.

33. Therefore, no coverage exists under the policy for the claimed damage to third-party property.

34. As indicated above, the policy also contains an errors-and-omissions endorsement which provides coverage in the amount of $2,500 for property damage to either the insured's work or product, or damage to tangible property incorporating the insured's work or product, which has been rendered less useful because of the insured's deficient work and which can be restored to use by repair or replacement of the insured's work.

35. However, as also indicated in the endorsement language quoted above, coverage under the errors-and-omissions endorsement is subject to a limit of $2,500, which includes defense costs.

36. FMIC retained the law firm of PION, NERONE, GIRMAN & SMITH, P.C. for the defense of Heron in the underlying actions subject to a reservation of rights, and the costs of that defense have now exceeded $2,500, thereby exhausting the coverage available under the referenced errors-and-omissions endorsement.

### COUNT I: DECLARATORY RELIEF

37. FMIC incorporates herein by reference all prior paragraphs of this Complaint as if set forth at length herein.

38. An actual controversy exists as to whether, based upon the terms, definitions, declarations, endorsements, exclusions, conditions, and/or other policy language included in the

Policy at issue, FMIC has an obligation to defend and indemnify Defendant for the claims asserted in the underlying lawsuits.

39. FMIC seeks a declaration that it owes no coverage to Defendant for the claims asserted in the underlying lawsuits based on the express terms, definitions, declarations, endorsements, exclusions, conditions, and/or other policy language included in the Policy at issue.

40. Because there is no coverage available for defense and indemnification of Heron under the main policy form, and because coverage under the errors-and-omission endorsement has been exhausted through expenditure of defense costs, there is no longer any coverage available under the subject insurance policy for defense or indemnification against the claims asserted in the underlying lawsuits.

**WHEREFORE**, Frederick Mutual Insurance Company respectfully requests Declaratory Relief, pursuant to applicable law, in the form of an Order stating:

a. Fredrick Mutual Insurance Company has no duty or obligation under Policy No. BP22012045, or otherwise, to defend or to pay defense costs to or on behalf of E F Heron Company, Inc. in relation to any and all claims asserted in the underlying litigation, captioned *Nationwide a/s/o Nolibs Real Estate LLC v Bottos Construction Inc. et al*. (Phila C.P. No. 230600998) and *Nolibs Real Estate LLC v. Bottos Construction Inc. et al.* (Phila C.P. 230202144), pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, allegedly arising out of an incident that took place on or about August 20, 2022;

b. Fredrick Mutual Insurance Company has no duty or obligation under Policy No. BP22012045, or otherwise, to indemnify E F Heron Company, Inc in relation to any and all claims asserted in the underlying litigation, captioned *Nationwide a/s/o Nolibs Real Estate LLC v Bottos Construction Inc. et al*. (Phila C.P. No. 230600998) and *Nolibs Real Estate LLC v. Bottos Construction Inc. et al.* (Phila C.P. 230202144), pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, allegedly arising out of an incident that took place on or about August 20, 2022;

and

 c. Any and all other relief deemed just and proper by this Honorable Court.

        Respectfully submitted,

        **THOMAS, THOMAS & HAFER, LLP**

        /s/ *Gregory C. Kunkle*

        Gregory C. Kunkle, Ph.D., Esquire
        1550 Pond Rd., Suite 210
        Allentown, PA 18104
        610-332-7015
        gkunkle@tthlaw.com
        Attorney Identification No. 90005
        *Attorneys for Plaintiff,*
DATE: 1/14/2026     *Frederick Mutual Insurance Company*